The opinion of the court was delivered by
Spencer, J.
The only question presented by the defendants on this their appeal from a conviction.of breaking and entering, etc., and grand larceny, is as to the admissibility of evidence of the confession made by one of them to an officer in charge.
The bill of exceptions, as prepared by defendant’s counsel, recites that in answer to the question whether he had made any promises to the prisoner, by stating to him that he would be permitted to turn State’s evidence, the officer replied, “ I did.” The district attorney adds that his recollection of the answer was that “ he may have said to him that he might be used as a State loitness.” The judge adds that his attention was not drawn to the officer’s answer particularly at the time, and his recollection is not distinct, but thinks the district attorney’s version is .correct.
In our opinion either version suffices to show that the confession •ought not to have been allowed to go to the jury.
The prosecution must show affirmatively that the confession was voluntary and not made under improper influences. State vs. Nelson, 3 An. 499. The words used by the officer clearly indicate a promise of .advantage to the prisoner in consequence of his confession. Archbold, 7th ed. p. 413; Wharton, p. 686; Boyd vs. State, 2 Humph. 390. The evidence should have been excluded on the showing made.
It is therefore ordered, adjudged, and decreed that the verdict and sentence appealed from be set aside and reversed, and that this cause be remanded as to all the defendants for a new trial according to law.